## CIRCUIT COURT OF WASHINGTON COUNTY

Commonwealth of Virginia

v.

Thomas E. Murray

May 14, 1993

BY JUDGE CHARLES H. SMITH, JR.

This matter was brought on for hearing today upon the information filed by the Commonwealth seeking to have this defendant adjudicated an habitual offender. The record reveals that the information was filed herein on April 13, 1993, and that timely service of process was had on the defendant. The defendant appeared in person without counsel. The record reveals two previous "driving under the influence" convictions, as well as one "driving revoked" conviction against this defendant which normally would qualify the defendant for adjudication as an habitual offender. The court will decline to declare this defendant an habitual offender for the following reasons.

(1) Section 46.2 of the Code states, in part, as follows:

> in any proceeding under § 46.2–354, the court may refuse to enter an order as provided in § 46.2–355 if such certification was made more than five years after the date of the most recent of the convictions which bring the person within the definition of an habitual offender and the person would otherwise be eligible for restoration of this privilege under § 46.2–360.

The record herein reveals the most recent conviction of this defendant to be March 19, 1987, in Henrico County, Virginia. Thus, this information, filed some six years after that most recent conviction, is too late.

(2) The record herein reveals that the defendant was proceeded against for the same thing in the Circuit Court of the City of Richmond

in April, 1991. While this court has no certified copies of any court order reflecting same, a letter from counsel who represented the defendant in that proceeding was filed in the record in this case and indicates that the information was dismissed. If that be the case, then this proceeding would be barred by the doctrine of *res judicata*.

(3) Finally, and significantly, the Commonwealth of Virginia Department of Motor Vehicles has declared this defendant to be a safe driver. That is so because the defendant, a former North Carolina resident, moved to the Commonwealth of Virginia about a year ago. He subsequently applied for, and was issued, a Virginia operator's permit without restriction except as to corrective lenses. If I understand the Driver License Compact (§ 46.2–483 *et seq.* of the Code) correctly, the defendant, upon moving here from North Carolina complied with the Compact by applying for a Virginia operator's license and surrendering his North Carolina license. Under Subdivision (2) of Article V of the Compact, it was incumbent upon the Department of Motor Vehicles to investigate the defendant's record and to refuse him a license if it were deemed it would be unsafe to grant him the privilege of driving a motor vehicle on the public highways. The department, at the time the defendant applied, had the option of not issuing him a license based upon his obvious Virginia record. The license was issued anyway. This amounts to a decision that it would be safe to allow him the privilege to drive in Virginia.

The same agency that declared him safe to drive now asks this court to declare him unsafe as an habitual offender based upon the same record it investigated when it issued him a license. The results of such a finding are certainly more severe, far-reaching and long-lasting than an initial decision not to issue the license would have been.

The DMV ignored the defendant's Virginia record and opened its arms to him as a Virginia licensee and now wishes to reach back and employ that Virginia record to qualify him for habitual offender status. If it was not bad enough to disqualify him for the one, it should not be good enough to qualify him for the other. It offends the basic concepts of substantial due process and fundamental fairness. For the above reasons, this information [will be dismissed].